# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re<br><br>JACK MILHEM,<br><br>　　　　　　　　　　Debtor<br>_____<br><br>JOSEPH BRAUNSTEIN,<br>　as he his CHAPTER 7 TRUSTEE,<br><br>　　　　　　　　　　Plaintiff<br><br>v.<br><br>JACK MILHEM,<br><br>　　　　　　　　　　Defendant<br><br>and<br><br>LARA MILHEM,<br>　as ADMINISTRATRIX OF THE<br>　ESTATE OF MEL R. MILHEM,<br><br>　　　　Reach and Apply Defendant | Chapter 7<br>Case No. 02-13423-RS<br><br><br><br><br><br><br><br>Adversary Proceeding<br>No. 05-1635 |

**MEMORANDUM OF DECISION AND ORDER ON**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

　　　By his complaint in this adversary proceeding, Joseph Braunstein, as he is chapter 7 trustee (the "Trustee"), seeks the following relief against the debtor, Jack Milhem ("Milhem"):

　　1.　　in Count I, an order requiring Milhem to turnover to the Trustee proceeds in the amount of $350,000 from the postpetition sale of the beneficial interest in the 324 Broadway Realty Trust (the "Trust");

　　2.　　in Count II, an order requiring Milhem to turnover to the Trustee all records of all bank accounts that the Debtor maintained on the date of his bankruptcy filing,

      whether in the United States or elsewhere, including account number 304823 at the Bank of Beirut, in Lebanon; and

3.    in Count IV, an order applying Milhem's interest in the probate estate of his late brother, Mel Milhem, in satisfaction of Milhem's obligation to the bankruptcy estate arising from his failure to turnover assets of the bankruptcy estate to the Trustee.

The adversary proceeding is before the Court on the Trustee's Motion for Summary Judgment as to Counts I, II, and IV.[1]  Milhem opposes the motion.[2]

**SUMMARY JUDGMENT STANDARD**

      A party is entitled to summary judgment only upon a showing that there is no genuine issue of material fact and that, on the uncontroverted facts, the movant is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c).  Where, as here, the burden of proof at trial would fall on the party seeking summary judgment, that party must support its motion with evidence—in the form of affidavits, admissions, depositions, answers to interrogatories, and the like—as to each essential element of its cause of action.  The evidence must be such as would permit the movant at trial to withstand a motion for directed verdict under FED. R. CIV. P. 50(a).  *Anderson v Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).  If the motion is properly supported, the burden shifts to the adverse party to submit evidence demonstrating the existence of a genuine issue as to at least

---

[1] The Complaint also seeks, in Count III, turnover of (i) all books and records of five specified corporations and of any other corporation doing business under the name of Checker Cab of Cambridge (collectively, the "subject corporations"), (ii) all original stock certificates of, and other evidence ownership in, the subject corporations, and (iii) all taxi medallions owned by the subject corporations.  The present motion does not address Count III.

[2] The Debtor was represented by counsel when he filed his answer to the complaint.  The attorneys who have represented him in this adversary proceeding have withdrawn, and he is now appearing pro se in opposition to the motion for summary judgment.

2

one material fact. If the adverse party does not so respond, "summary judgment, if appropriate, shall be entered against the adverse party." FED. R. CIV. P. 56(e); *Jaroma v. Massey*, 873 F.2d 17, 20 (1st Cir. 1989). For purposes of a motion for summary judgment, the court must and does construe the evidence, and draw all inferences therefrom, in the manner most favorable to the non-moving party.

**COUNT I**

Count I demands an order requiring that Milhem turnover certain proceeds from the sale of the beneficial interest in the 324 Broadway Realty Trust. The Trustee contends that the turnover of the proceeds is required by two sections of the Bankruptcy Code: § 521(a)(4), under which "the debtor shall . . . surrender to the trustee all property of the estate"; and § 542(a), under which (in relevant part) an entity "in possession, custody, or control" of certain property of the estate "shall deliver to the trustee . . . such property." 11 U.S.C. §§ 521(a)(4) and 542(a).[3] Under either section, the obligation to surrender or turnover, if it applies at all, applies immediately upon the commencement of the bankruptcy case, at least if the trustee has made demand, and does not require a court order to become effective. Accordingly, I construe Count I as a requesting (i) a determination that a statutory obligation to surrender or turnover applies with respect to the property in question and (ii) if necessary, an order compelling the Debtor to comply with this obligation.

Section 521(a)(4) applies to debtors. It is not clear whether § 524(a) also applies where the party from whom turnover is demanded is the debtor. I need not decide the matter because,

---

[3] This bankruptcy case was commenced before the effective date of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005. Therefore, it is governed by the Bankruptcy Code as it existed prior to its amendment by that Act, and all references to sections of the Bankruptcy Code are to those sections as they existed prior to such amendment.

3

on the present facts, the requirements of both sections are in essence the same: the trustee must prove that the asset in question is property of the bankruptcy estate;[4] and he must prove that the asset in question is within the debtor's possession, custody, or control.[5]

In support of this motion, the Trustee relies upon admissions arising from the Debtor's failure to answer requests for admissions that were propounded by the Plaintiff[6] and upon the affidavit of Riad Milhem, the Debtor's father. The Debtor submitted no evidence in opposition to the motion for summary judgment. Except as specified below, there are no genuine issues of material fact.

The facts are as follows. By a declaration of trust dated September 20, 2000, Jack Milhem established the 324 Broadway Realty Trust (the "Trust") and, in the ninth article thereof, made himself its sole trustee. The ninth article also provided that "this instrument [the declaration of trust] may be amended at any time by a written instrument signed by the Trustees and acknowledged by one or more of them." By a schedule of beneficiaries signed by Jack Milhem as trustee and by Riad Milhem, Jack's father, on September 15, 2000, Jack designated Riad the sole beneficiary of the Trust, and he further designated himself and his three sons, Joe, Ronald, and Michael Milhem, all four jointly with right of survivorship, as successor

---

[4] Section 521(a)(4) explicitly so requires. In § 524(a), the obligation of turnover applies to "property that the trustee may use, sell or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title"; section 363 in turn permits the trustee to use, sell or lease "property of the estate," and § 522 permits a debtor to exempt specified assets of the estate. If the proceeds in question are property of the estate, they will satisfy § 524(a).

[5] Section 524(a) expressly so requires. Section 521(a)(4) does not, but as a practical matter, a debtor cannot be expected or compelled to turnover an asset as to which he or she lacks possession, custody, and control.

[6] F.R. Civ. P. 36(a) (absent a timely answer or objection, a matter for which an admission is requested is deemed admitted). In a separate but related adversary proceeding in which trustee Braunstein objects to the Debtor's discharge (Adversary Proceeding No. 03-1094), I have ruled that the deemed admissions should not be binding on the Debtor for purposes of establishing the specific intent components of the various objections to discharge. My concern there was that a discharge should not be denied except for actual dishonesty on the part of the debtor. Here, however, the discharge is not implicated. Moreover, the admissions in question concern facts that do not appear to be in dispute.

4

beneficiaries ("upon the death of [Riad]").

By a quitclaim deed dated September 27, 2000, Sunoco, Inc. (R&M) transferred to the Trust the real property located at 324 Broadway, Malden, Massachusetts. The property was the site of a Sunoco gas station that was operated by a corporation known as Route 99 Enterprises. Milhem was the owner of Route 99 Enterprises. As he reported on the Schedule of Current Income that he filed in his bankruptcy case, Milhem was (at the time of his bankruptcy filing) employed by Route 99 Enterprises as a gas station attendant at a monthly salary of $6,572.24 per month ($78,886.88 per year).

On May 8, 2002, Jack Milhem filed a petition for relief under chapter 7 of the Bankruptcy Code, thereby commencing this bankruptcy case. At the time, he remained the sole trustee of the trust, the property was an asset of the trust, and Riad was the beneficiary of the trust.

On March 14, 2003, and unbeknownst to the Chapter 7 Trustee, the entire beneficial interest in the Trust was transferred to a Ms. Ramona Eskanian for consideration of $450,000, of which $350,000 was allocated to the Trust's interest in the real estate and $100,000 to the Trust's personalty. In the transaction, Milhem resigned as trustee of the Trust, and Jacqueline Eskanian, Ramona's daughter, became the new trustee.

The purchase price was paid, in part, with four checks totaling $298,000 and payable to the Trust. Jack Milhem, as trustee of the Trust, endorsed each to the order of his father, Riad Milhem; on March 17, 2003, all four were deposited into a bank account in the name of Riad. By a check dated March 25, 2007, Riad transferred $250,000 of the proceeds to Milhem, who deposited the funds in an account in his name at the Bank of Beirut, in Lebanon.

Another portion of the purchase price was paid with a $52,000 check that initially was

5

paid to Joseph Spinale, as attorney for 324 Broadway Realty Trust, who acted as closing attorney for sale of the beneficial interest in the Trust. Spinale deposited the $52,000 in his client trust fund account. From this sum, he issued two checks. The first, dated September 1, 2003, was in the amount of $45,000 and payable to "Jack Milhem, Tr and Riad Milhem." The second, dated June 18, 2004, was in the amount of $3,500 and payable to Milhem. No evidence has been adduced as to the trail of the funds disbursed by these checks.

As to the facts recited above, the evidence is uncontroverted. The Trustee contends that Milhem received all the proceeds from the sale of the beneficial interest. The evidence thus far establishes, without a genuine issue of fact, that he has received at least $250,000, which he deposited in an account in Lebanon. As to the proceeds in excess of $250,000, the Trustee has not yet adduced evidence establishing that these were paid to or received by Milhem.

In opposition to the motion for summary judgment, Milhem contends that his father, Riad, ended up with all the proceeds from the sale; that he (Milhem) made a trip to Lebanon to obtain bank documents showing that Riad ended up with all the proceeds; and that he has provided these documents to the Trustee. The Trustee denies having received any such documents, and Milhem has adduced no such documents in opposition to the present motion.

On the basis of the forgoing facts, the Court has determined, in a separate adversary proceeding in this case (No. 03-1093), that because the declaration of trust placed no limit on the power of Milhem as trustee to modify or amend the Trust, to revoke the trust, and to dispose of the assets upon revocation, the real property, including not merely legal title but also all beneficial interest therein, became an asset of the bankruptcy estate upon the Milhem's bankruptcy filing.[7] I incorporate that reasoning herein without need of reiteration. By the same

---

[7] See Memorandum of Decision issued 9/27/07 on Plaintiff's Motion for Summary Judgment.

6

reasoning, not only the realty but also the Trust's personalty are assets of the Debtor. Therefore, all assets of the Trust were assets of the debtor on the date of his bankruptcy filing. Under § 541(a) of the Bankruptcy Code, the bankruptcy estate is comprised of all "all legal or equitable interests of the debtor in property as of the commencement of the case" and of all "proceeds . . . of or from property of the estate." 11 U.S.C. § 541(a)(1) and (6). Accordingly, I conclude that, with respect to the issue of whether the proceeds of the sale of the beneficial interest in the Trust are assets of the bankruptcy estate, there are no genuine issues of material fact, and the Trustee has succeeded in establishing that the proceeds, to the full extent of $450,000.00, are assets of the bankruptcy estate.

In order to establish a right of turnover from the debtor, the Trustee also must prove that the proceeds are within the debtor's possession, custody, or control. The Trustee has submitted uncontroverted evidence that the Debtor has deposited $250,000 of the proceeds in a bank account in his name in Lebanon, and the Debtor has adduced no evidence that these funds have since left his possession, custody, or control. Accordingly, the Trustee has established that these funds are in the Debtor's control. As to the balance of the proceeds, however, there are genuine issues of material fact in that the Trustee has not adduced evidence that the funds were received by Milhem and are in his control. Accordingly, the motion for summary judgment may be allowed as to Count I only to the extent of $250,000. As to the proceeds in excess of this amount, there remain genuine issues of material fact for trial.

7

**COUNT II**

In Count II, the Trustee seeks an order requiring Milhem to turnover to the Trustee all records of all bank accounts that the Debtor maintained on the date of his bankruptcy filing, whether in the United States or elsewhere, including account number 304823 at the Bank of Beirut, in Lebanon.  Milhem does not appear to oppose this particular count.  The Trustee is entitled to turnover of the records.  Under § 521(4), a debtor must surrender to the trustee not only all property of the estate but also "any recorded information, including books, document, records, and papers, relating to property of the estate."  11 U.S.C. § 521(4).  Milhem is therefore obligated to turnover to the Trustee all bank account records he may have.  And he is further obligated to obtain complete records of such accounts from the banks in question upon the Trustee's request.[8]  The Trustee is therefore entitled to an order compelling Milhem to (i) turnover all records in his possession of the account in question at the Bank of Beirut and (ii) obtain from that bank and turnover to the trustee all records of the account.

**COUNT IV**

In Count IV, the Trustee seeks an order reaching and applying Milhem's interest in the estate of his late brother, Mel Milhem, in satisfaction of Milhem's obligation to the bankruptcy estate arising from his failure to turnover assets of the bankruptcy estate to the Trustee.  The count is premature.  The Trustee has not yet asserted a claim against Milhem to establish liability for failure to turnover funds or other assets.[9]  A debtor who fails to surrender an asset is not

---

[8] This obligation applies as to every account that was open in Milhem's name on the date of his bankruptcy filing and to any account into which he has deposited the proceeds in question or any other funds that are assets of the estate.

[9] The Trustee may amend his complaint for this purpose, but he should do so promptly.

8

necessarily liable to the estate for the value of the asset; liability, such as for conversion of property of the estate, must be independently established. Turnover is an obligation to deliver possession of specific assets. Where the item is cash, the obligation attaches to the funds in question. The Debtor may satisfy the obligation by turning over other funds instead (provided the other funds are not themselves subject to an obligation of turnover). But the obligation of turnover is not a debt, a right to payment. In short, the Trustee has not yet established or even asserted a right to payment that might be satisfied from the Debtor's interest in the estate of his late brother. Summary judgment shall therefore be denied as to this count.

### ORDER

1.  For the reasons set forth above, the Trustee's Motion for Summary Judgment is hereby granted as to Count I to the extent of $250,000 and denied as to the balance of the proceeds, granted as to Count II, and denied as to Count IV. With respect to those matters as to which summary judgment has been granted, judgment will enter at the close of the adversary proceeding.

2.  The facts set forth above as uncontroverted shall be deemed established for purposes of trial in this adversary proceeding.

3.  The parties shall file their Joint Pretrial Memorandum—or, if they cannot cooperate in filing a joint memorandum, then separate pretrial memoranda—on or before January 8, 2008.

4.  The trial in this adversary proceeding will be held on February 6, 2008, at 10:00 a.m.

Date: October 31, 2007

_____
Robert Somma
United States Bankruptcy Judge

cc: Mark W. Corner, Esq., for Trustee
    Mr. Jack Milhem, Debtor, pro se
    John Sutherland, for Lara Milhem, as Administratrix of the Estate of Mel Milhem